IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUMP OPERATIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 25-cv-703 |
| v. | ) | |
| | ) | |
| LIAM HEEGER, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL ITS
VERIFIED COMPLAINT AND DISCLOSURE STATEMENT
AND NOTIFICATION AS TO AFFILIATES**

Pursuant to Local Rule 26.2, Defendant Jump Operations, LLC ("Jump") moves for an order permitting it to file under seal its (1) Verified Complaint (the "Complaint") and (2) Corporate Disclosure and Notification as to Affiliates (the "Corporate Disclosure"). In conjunction with this Motion, Jump publicly files redacted versions of the Complaint and Corporate Disclosure and provisionally files under seal unredacted versions of the documents. In support of this Motion, Jump states as follows:

1. Good cause is required to seal any portion of the judicial record from public view. *See Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999). Good cause may be shown when a document to be sealed "meet[s] the definition of trade secret or other categories of bona fide long-term confidentiality." *Id.* (*quoting Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)); *see also* Fed. R. Civ. P. 26(c)(1)(G) (permitting protective orders shielding disclosure of "trade secrets" and other "confidential commercial information"); *Davis v. Harris*, 2006 WL 8445085, at *1–2 (C.D. Ill. Feb. 22, 2006) (denying request for

discovery of information filed under seal, "[i]n order to protect the privacy of certain individuals who are not parties to this matter.").

2. Good cause exists to seal portions of the Complaint and Corporate Disclosure here. Local Rule 3.2 requires any nongovernmental party to file a "Notification of Affiliates," with "affiliate" being "defined as any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party." The sole purpose of such notification is to enable the assigned judge to consider whether any conflict exists that would require recusal.[1] Similarly, Federal Rule of Civil Procedure 7.1(a)(1) requires nongovernmental corporate parties to file a statement that identifies "any parent corporation" and "any publicly held corporation owning 10% or more of its stock," or to state there is no such corporation. Fed. R. Civ. P. 7.1(a)(1). The purpose of this requirement is to enable the assigned judge to identify potential conflicts of interest and make informed disqualification decisions. And Civil Rule 7.1(a)(2) requires parties in cases in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a) to file a statement naming, and identifying the citizenship of, the individuals and entities whose citizenship is attributed to that party. Fed. R. Civ. P. 7.1(a)(2). The purpose of this requirement is to enable the assigned judge to promptly and correctly assess whether complete diversity exists. The same is true regarding Jump's allegations in the Complaint regarding the citizenship of its owners.

3. Jump has filed provisionally under seal portions of its Complaint and Corporate Disclosure. The identities, places of residence, and citizenship of certain of the members and

---

[1] *See* U.S. District Court for the Northern District of Illinois, *Filing Notification of Affiliates*, https://www.ilnd.uscourts.gov/Pages.aspx?HpsMXrN9xtFP7QrcjUvJLYoPUX3LHPnS9waSI6Z 1uTHaiOYJC6YJzQ== (noting that a Notification of Affiliates under Local Rule 3.2 is intended to "bolster the Court's conflict-checking measures") (last accessed Jan. 21, 2025).

trustees of Jump and its affiliated entities required to be filed pursuant to Local Rule 3.2 and Civil Rule 7.1(a) constitute sensitive confidential and private business and personal information that is not publicly available,[2] and the disclosure of which would result in injury. Therefore, Jump requests that the Court authorize it to file under seal its Complaint and Corporate Disclosure. In accordance with Local Rule 26.2(c)(1), Jump has publicly filed a redacted version of the Complaint and Corporate Disclosure.

4. Jump typically keeps the above-referenced information strictly confidential and discloses such information only as required by law, including in connection with required disclosures for Know Your Customer and Anti-Money Laundering regulations and to tax and legal professionals for tax and estate filings, subject to non-disclosure agreements. Individuals whose identities are disclosed in the Complaint and Corporate Disclosure have an interest and expectation that their information be kept private. Further, the vast majority of the individuals implicated are only indirect owners of Jump, the party at issue, and thus any interest they have in the outcome of the case is attenuated.

5. Denying Jump's request for sealing would cause injury to the individuals and entities whose information would be publicly disclosed, and to Jump by revealing its confidential business information. The disclosure of such information could enable Jump's competitors to undermine its competitive position in the marketplace, allow current or prospective business partners or counterparties to take unfair advantage of Jump in negotiations or other business affairs, or otherwise prejudice Jump's business interests. The act of disclosing (and making public) individuals' financial ownership information protected by a right of privacy itself constitutes an

---

[2] Jump does not move to seal the identities of its owners and trustees whose names were already public.

injury to those individual owners' privacy interests. Further, disclosure of this information may subject the individuals and entities to increased cybersecurity risks including targeted cyber-attacks aimed at stealing their identities and assets. No less restrictive alternative exists to sealing this information that would be sufficient to protect the interests at stake here.

6. No legitimate purpose would be served by publicly disclosing this private and confidential information, especially given the commercial and privacy injuries that such disclosure would cause.

7. Filing portions of the Complaint and Corporate Disclosure under seal would fully comply with and promote the purposes underlying Civil Rule 7.1 and Local Rule 3.2. As a result, filing the documents under seal fully satisfies all competing interests—allowing the Court to determine whether recusal is required and to ensure that complete diversity exists, while simultaneously safeguarding confidential and private business and financial information and preventing potential misuse of this information.

8. Courts have granted motions for leave to file under seal in comparable circumstances. *See, e.g., Best Odds Corp. v. iBus Media Ltd.*, 2014 WL 5687730, at *2 (D. Nev. Nov. 4, 2014) (granting a defendant's motion to file a redacted certification of interested parties under Federal Rule of Civil Procedure 7.1 because sealing the limited disclosure would "(1) satisfy Rule 7.1's purpose, by enabling the court to determine whether a conflict of interest exists, and (2) act as a prophylactic against potential litigation abuses that will needlessly increase the cost of litigation").

9. Jump is aware that absent an order extending or setting aside the sealing, the file and its contents will become public on the seventh day following the date of filing.

WHEREFORE, Jump respectfully requests that this Court allow Jump to file under seal portions of its (1) Verified Complaint and (2) Corporate Disclosure and Notification as to Affiliates.

Dated: January 21, 2025

Respectfully submitted,

/s/ *Chris Gair*
Chris Gair (ARDC #6190781)
Lisa Wood (ARDC #6304324)
Ingrid Yin (ARDC #6339857)
Gair Gallo Eberhard LLP
1 E. Wacker Drive, Suite 2600
Chicago, Illinois 60601
(312) 600-4900
cgair@gairgallo.com
lwood@gairgallo.com
iyin@gairgallo.com

*Attorneys for Plaintiff Jump Operations, LLC*

# CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on January 21, 2025, the foregoing Motion for a Preliminary Injunction was served via electronic mail upon the following:

Gerard D. O'Shea
Cooley LLP
55 Hudson Yards
New York, NY 10001
(212) 479 6704
goshea@cooley.com
*Attorney for Defendant Liam Heeger*

                                          */s/ Chris Gair*
                                             Chris Gair